UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CYPRIAN FANUS,

                Plaintiff,

    - against -

210 EAST 51ST STREET, LLC,

                Defendant.
---------------------------------------------------------x

**ORDER ADOPTING
REPORT AND RECOMMENDATION**
24-CV-5162 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

Plaintiff Cyprian Fanus brought this action against Defendant 210 East 51st Street, LLC on July 24, 2024, alleging violations of the Fair Labor Standards Act and the New York Labor Law. (Compl., Dkt. 1, at 1–2.) Defendant failed to appear or otherwise defend the action. (*See* Clerk's Entry of Default, Dkt. 9.) At Plaintiff's request, (Dkt. 8), the Clerk of Court entered default against Defendant, (Dkt. 9), and Plaintiff subsequently moved for a default judgment, (Dkt. 11). The Court referred the motion for default judgment to the Honorable Magistrate Judge Anne Y. Shields. (12/02/2024 Dkt. Order.) Judge Shields recommended that the motion be granted in part and denied in part, and that the Court award Plaintiff a total monetary award of $64,039.75 (plus post-judgment interest). (Dkt. 13, at 15–16.) No objections were filed, and the Court adopted Judge Shields's recommendations in their entirety. (04/10/2025 Dkt. Order Adopting Report and Recommendation.)

On May 19, 2025, Plaintiff filed a motion for attorney's fees and costs associated with this action (the "Motion"). (Pl.'s Mot. For Att'y Fees, Dkt. 16.) The Court referred the Motion to Judge Shields. (05/20/2025 Dkt. Order Referring Motion.) *See* Fed. R. Civ. P. 54(d)(2)(D) (court may refer motion for attorney's fees to magistrate judge "as if it were a dispositive pretrial matter" under Rule 72(b) of the Federal Rules of Civil Procedure). On September 29, 2025, Judge Shields

issued a Report and Recommendation (the "R&R") recommending that the Court grant Plaintiff's Motion and award $1,880.00 in attorney's fees and $507.18 in costs, for a total monetary award of $2,387.18.  (R&R, Dkt. 19, at 5.)  Judge Shields provided notice to the parties that objections to the R&R were due within 14 days of service of the R&R.  (*Id*. at 5–6); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  No objections have been filed, and the time for doing so has passed.

"When no timely objection is filed" to a magistrate judge's R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution.").  The Court has reviewed Judge Shields's R&R and finds that there is no clear error on the face of the record.[1]  Therefore, the Court adopts the R&R in its entirety.

---

[1] While not clearly erroneous, the Court would like to clarify one legal principle that the R&R slightly overstates.  The R&R advised the parties that "[f]ailure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals."  (R&R, Dkt. 19, at 5–6 (citing *Thomas*, 474 U.S. at 145; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)).)  It is true that parties must timely state their objections to a magistrate judge's report or else their objections are considered waived.  *See Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  However, the district and circuit courts can review a magistrate judge's report and recommendations even if the parties do not file objections.  *Thomas*, 474 U.S. at 154 ("The district judge has jurisdiction over the case at all times. . . . [W]hile [28 U.S.C. § 636(b)(1)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (explaining that "the waiver rule is nonjurisdictional" and the circuit court may, in the interests of justice, excuse a party's waiver and review a magistrate judge's report (citing *Thomas*, 474 U.S. at 155)).

## CONCLUSION

For the reasons set forth in the Report and Recommendation, Plaintiff's Motion is granted. Plaintiff is awarded $1,880.00 in attorney's fees and $507.18 in costs, for a total monetary award of $2,387.18.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 4, 2025
Brooklyn, New York